## Case No. 8,157a.

### LEADBETTER v. KENDALL.

[Hempst. 302.] [1]

Superior Court, Territory of Arkansas. Feb., 1836.

JURISDICTION OF JUSTICE OF PEACE—PROCESS OUT OF JURISDICTION—ACTION AGAINST CONSTABLE.

A justice of the peace cannot issue process beyond the limits of his township, except in two cases indicated by statute; and process so issued, not falling within the exceptions, is utterly void, and an officer cannot justify under it.

Error to Pulaski circuit court.

[This was a suit by Benjamin M. Leadbetter against Ephisditus T. Kendall for recovery of certain goods belonging to the plaintiff which were alleged to have been illegally seized.]

Before CROSS and YELL, JJ.

CROSS, J. The plaintiff in error brought suit in trespass against the defendant, for forcibly seizing and taking his goods. In justification, the defendant in error alleges that Jesse Brown, an acting justice of the peace in and for Big Rock township, issued a writ of execution, directed to the constable of Saline township, and that as such constable, in virtue of said writ, he seized and took the goods. Both townships are within the county of Pulaski, and the only question we deem it material to decide grows out of the construction to be given to the act of 1829 in relation to the jurisdiction of justices of the peace. The act referred to is in these words: "Hereafter, all justices of the peace in this territory shall be commissioned for their respective counties; and the township in which they severally reside shall confine or be the extent of their jurisdiction.

1 [Reported by Samuel H. Hempstead, Esq.]

except in criminal cases, and in cases under the statutes of this territory where it may require two justices of the peace to form a court; and in that case, where there shall be only one justice of the peace in such township, or the justices of the peace are concerned or interested in the suit, any justices of the peace, of the next adjoining township, are at liberty, and shall have power, to issue process and try said cause, the same as though they were resident in said township, any law to the contrary notwithstanding." Ark. Ter. Dig. p. 355. Anterior to the passage of this law, under the provisions of an act passed in 1814, a judgment creditor was allowed to suggest that the defendant resided out of the township where the judgment was rendered, and that no goods or chattels could be found in the township where the justice resided to satisfy the same, whereupon it became the duty of the justice to issue execution, directed to the constable of the township where the defendant did reside, or where his goods and chattels could be found, and the constable was authorized and required to execute the same. Ark. Ter. Dig. p. 378. The act of 1829 expressly limits the jurisdiction of a justice of the peace to the township in which he resides, except in criminal cases and cases where, by statutory provisions then in force, two justices were necessary to form a court. In this it conflicts obviously with the prior act of 1814, and, by a well-settled rule, repeals it to the extent of the confliction. A justice, therefore, cannot now issue process beyond the confines of his township, except in the two cases indicated by the statute. When he does, the act is wholly unauthorized and absolutely void. As well might he issue process to a constable residing in a different county, as to one residing in a different township in the same county. In either case, there would be an entire want of jurisdiction. The law restricting the jurisdiction of justices of the peace being a general one, the defendant in error was bound to have noticed it. We think, therefore, that the demurrer to the plea of justification was improperly overruled. Judgment reversed.